IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS E. NOBLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 16-43-SLR |
| | ) |
| DAVID PIERCE, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background.** In January 2014, petitioner was indicted on twenty-five counts of dealing in child pornography. *See In re Noble*, 108 A.3d 1225 (Table), 2015 WL 528211, at *1 (Del. Feb. 9, 2015). In February 2014, the Delaware Superior Court granted petitioner leave to proceed pro se and appointed standby counsel to represent him. *Id.* In August 2014, the Superior Court ordered that petitioner undergo a psychiatric and psychological evaluation to determine his competency to stand trial and his mental state at the time of the offense. *Id.* Based on the evaluation, on January 26, 2015, a Delaware Superior Court Commissioner ordered that petitioner be confined and treated at the Delaware Psychiatric Center until he was capable of standing trial. *Id.* at *1 n.2. Petitioner has filed multiple petitions for extraordinary writs in the Delaware state courts in connection with his child pornography charges. *See In re Noble*, 2015 WL 877469, at *1 (Del. Feb. 27, 2015).

2. In January 2016, while in pre-trial custody at the James T. Vaughn Correctional Center in Smyrna, Delaware, petitioner filed in this court a motion for leave to proceed in forma pauperis (D.I. 1) and an application for "writ of habeas corpus by an unconvicted state prisoner and for construal as a hybrid petition-complaint." (D.I. 3) Petitioner contends that the court has jurisdiction under 28 U.S.C. § 2241 because he is attacking his pre-trial custody. (D.I. 3 at 4) Petitioner asserts that "this action is brought as a hybrid habeas

corpus petition/complaint, seeking solely declaratory and injunctive relief, [and] no money damages" (D.I. 3 at 1), and states that some of the forty-six claims in his application are being raised under 42 U.S.C. §§ 1983 and 1985, as well as 18 U.S.C. §1503 et. seq. and 18 U.S.C. § 242. (D.I. 3 at 4-5) Petitioner lists as respondents the Warden of his prison, Delaware state court judges, Delaware state court staff, and prosecutors assigned to his Delaware state criminal case. For relief, petitioner explicitly asks that the court dismiss the State's criminal case against him with prejudice and delete all traces of the criminal charges from his record. (D.I. 3 at 46)

3. In February 2016, petitioner filed a motion for preliminary injunction and/or restraining order to stay the Delaware trial court proceedings that are scheduled for April 13, 2016. (D.I. 8 at 2) Although not entirely clear, petitioner appears to request the injunction/stay of his future Delaware criminal proceeding because he has named the judge presiding over that trial as a respondent in this case and as a defendant in two of his other Delaware state proceedings. (D.I. 8 at 1) Petitioner contends that the judge assigned to his upcoming Delaware criminal trial is conflicted and completely disregarding constitutional law. *Id.* at 2. Petitioner asks that the court grant the injunction/stay until the final resolution of the instant federal habeas proceeding.

4. **Standard of Review.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. In turn, a district court can only entertain a habeas application on behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas

claims. *See* 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

5. **Discussion.** Having reviewed the face of the instant application, the court concludes that summary dismissal is appropriate. Petitioner's forty-six claims assert numerous issues, ranging from the alleged violation of petitioner's right to self-representation to the alleged obstruction and alteration of state court records. To the extent the instant application asserts claims under 42 U.S.C. §§ 1983, 1985 etc, those claims are dismissed for lack of jurisdiction.[1] To the extent the application asserts claims properly considered on habeas review, those claims are dismissed because petitioner has failed to allege that he has exhausted his state remedies on the merits, and he has failed to present extraordinary circumstances which would warrant pre-trial habeas corpus relief. *See Moore*, 515 F.2d at 443, 447. It is clear from the face of the pending application that

---

[1] Petitioner may present his "civil rights" claims (D.I. 3 at 4) in a complaint clearly identifying the statutes under which he seeks relief.

3

petitioner is not in custody pursuant to a state court judgment because he has not yet undergone his state criminal trial on the charges of dealing in child pornography. In addition, petitioner explicitly requests immediate release and the dismissal of his criminal case, demonstrating that he is attempting to abort a state criminal proceeding. Accordingly, the court will summarily dismiss petitioner's habeas application without prejudice.

6. Given the foregoing, the court will deny as moot petitioner's motion for a preliminary injunction and/or stay of his Delaware criminal proceeding.

7. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

8. **Conclusion.** For the above reasons, the court will summarily dismiss the instant habeas application without prejudice and deny as moot the motion for preliminary injunction and/or stay of petitioner's Delaware criminal proceeding. A separate order shall issue.

Dated: March 15, 2016

_____
UNITED STATES DISTRICT JUDGE